IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12CV281-MU

| | |
|---|---|
| CHRISTINE CARTER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GLOBAL COMPLIANCE SERVICES, )<br>INC., and NAVEX GLOBAL, INC., )<br>)<br>Defendants. )<br>_____) | ORDER |

This matter is before the court upon the Defendants' Partial Motion to Dismiss Plaintiff's Amended Compliant.[1] Plaintiff responded to Defendants' Motion on April 8, 2013 and Defendants filed a Reply on April 18, 2013.

**FACTUAL BACKGROUND**

The Plaintiff, a Client Coordinator II for Global Compliance Services, Inc. ("GCS"), alleges claims that arise out of Defendants' failure to promote her to several positions for which she applied during the course of her employment. Plaintiff alleges Defendants acted in a racially discriminatory manner in denying her several promotional positions and retaliated against her due to her complaints about unlawful discrimination based on her race and sex in violation of 42 U.S.C. § 1981. Defendants have moved pursuant to Rule 12(b)(6) to dismiss Plaintiff's failure to promote claims as to the Collections Manager and Account Manager positions and the retaliation claims for her denial to the positions of Client Relationship Manager, Collections Manager, Account Manager, Global Account Manager, and Operations Manager.

---

[1] Plaintiff's Amended Complaint removes Global Compliance Services Holdings, Inc. ("GCSH"), and adds Global Compliance Services, Inc., and Navex Global, Inc., as Defendants.

1

Plaintiff, an African-American female, was offered a position as Client Coordinator with GCS and began employment on February 21, 2007. Plaintiff was promoted based on her job performance to Client Coordinator II on or about February 21, 2008. Plaintiff's direct supervisor was Michael Korvink, a Caucasian male. Plaintiff alleges that she applied for several promotions but was not selected. Plaintiff also makes several general allegations of discriminatory employment practices by Defendants.

**MOTION TO DISMISS STANDARD**

In considering a motion to dismiss, the court must view the compliant in the light most favorable to the plaintiff, and accept as true all well-pleaded allegations. *Randell v. United States*, 30 F.3d 518, 522 (4th Cir. 1994). Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of an action where the plaintiff fails to state a claim upon which relief can be granted. A plaintiff must allege facts in the plaintiff's complaint that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), the court held that "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570). A claim is plausible on its face "when the plaintiff pleads sufficient factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Detailed factual allegations are not required, but "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted). The court will dismiss the complaint when the allegations in a complaint do not "raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 554-56.

**DISCUSSION**

**A. Failure to Promote Claims**

Defendants argue that Plaintiff's failure to promote claims regarding the Collections Manager and Account Manager positions should be dismissed based on Plaintiff's Response to Defendants' Partial Motion to Dismiss. Plaintiff's Response admits that despite referencing a host of different promotional decisions in her Amended Complaint, she is only seeking relief relating to the Operations Manager and Client Services Manager positions and not the Collections Manager and Account Manager positions. Accordingly, Plaintiff's § 1981 claims for failure to promote for the positions of Collections Manager and Account Manager are dismissed.

**B. Retaliation Claims**

Plaintiff's Amended Complaint alleges that this is an action for race discrimination and retaliation in violation of 42 U.S.C. § 1981, but then later continues to allege that she was retaliated against for complaints of unlawful discrimination based on her race and *sex*. However, § 1981 proscribes race, not gender, discrimination. *Estate of Williams-Moore v. Alliance One Receivables Mgmt., Inc.*, 335 F. Supp. 2d 636, 647 (M.D.N.C. 2004). To the extent Plaintiff attempts to assert a claim for sex discrimination under § 1981, that claim is not actionable.

To establish a *prima facie* case of retaliation under § 1981, Plaintiff must show (1) she engaged in protected activity; (2) she suffered an adverse employment action; and (3) a causal connection existed between the first two elements. *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 190 (4th Cir. 2001). In the Fourth Circuit, "*temporal evidence alone* cannot establish causation for a prima facie case of retaliation, unless the 'temporal proximity between an employer's knowledge of protected activity and an adverse employment action' was 'very close.'" *See Shields v. Fed. Exp. Corp.*, 120 F. App'x 956, 963 (4th Cir. 2005) (emphasis in

original) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001)). Furthermore, in order to establish a causal connection, the Fourth Circuit has explained that it is "absolutely necessary" for a plaintiff to show the employer knew of the protected activity because, "by definition, an employer cannot take action because of a factor of which it is unaware." *Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 657 (4th Cir. 1998), *abrogated on other grounds*, *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). Dismissal has been found appropriate where a plaintiff fails to identify the relevant decision maker and whether such decision maker knew of plaintiff's protected activity. *See Gray v. Walmart Stores, Inc.*, 2011 WL 1831780, at *8 (E.D.N.C. May 12, 2011).

In support of her retaliation claims, Plaintiff states that she engaged in protected activity through the following actions:

(1) "question[ing] why [Michael] Korvink ("Korvink") trained Michael Dickson, a white male on Microsoft Access but did not train Plaintiff, despite numerous requests."
(2) "complain[ing] to Korvink about how Plaintiff, an African-American female, was required to take after-hours calls, unlike a white female in the same position."
(3) "filing and EEOC Charge No. 430-2008-04323 on August 19, 2008."

Plaintiff states that "[s]hortly after [she] voiced her concerns to Korvink over the disparate treatment, Defendants began denying Plaintiff promotions."

Plaintiff's allegation that she complained about taking after-hours phone calls is not alleged anywhere in her Amended Complaint and is thus not an appropriate consideration at the 12(b)(6) stage. *See Colleton Reg'l Hosp. v. MRS Med. Review Sys., Inc.*, 866 F. Supp. 896, 898-99 (D.S.C. 1994). Moreover, Plaintiff does not allege that Korvink's failure to allow her training on Microsoft Access was discriminatory or related to her race in any way. Plaintiff only points out that a Caucasian received training, thus making her allegation more akin to a complaint of general, unfair treatment, which does not translate into a charge of illegal discrimination. *See*

4

*McNair v. Computer Data Sys., Inc.*, 172 F.3d 863, at *5 (4th Cir. 1999) (quoting *Barber v. CSX Distribution Servs.*, 68 F.3d 694, 702 (3rd Cir. 1995). As a result, this complaint does not qualify as legally protected activity.

Even if Plaintiff's internal complaints could serve as legitimate protected activity, her Amended Complaint does not include any allegations to suggest a temporal proximity between the complaints and any denied promotions. In fact, she does not even allege when the supposed internal complaints were made.

Plaintiff also offers nothing to suggest a causal connection between any of her alleged EEOC charges and her non-selection to the five promotional positions. Plaintiff was denied promotion for the Client Relationship Manager and the Collections Manager positions before her August 2008 EEOC charge, making retaliation by Defendants impossible. There can be no retaliation where the adverse employment action occurred before the protected activity. *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 309 (4th Cir. 2006). Moreover, almost an entire year elapsed between the filing of the August 2008 charge and Plaintiff's non-selection to the positions of Account Manager and Global Account Manager, and over a year elapsed between the EEOC charge and the posting of the Operations Manager position. The Fourth Circuit has held that time periods as short as three months have been too long to establish a causal connection by temporal proximity alone. *See Perry v. Kappos*, 489 F. App'x 637, 643 (4th Cir. 2012). Thus, in the absence of other evidence, this time period is too long to establish a causal connection by temporal proximity alone. Additionally, Plaintiff fails to allege in her Amended Complaint who the relevant decision maker was or whether he or she had any knowledge of Plaintiff's EEOC charges. Such factual allegations are "absolutely necessary" to a retaliation claim, and in their absence, Plaintiff's claim cannot raise a right to relief above a speculative

level. *See Gray*, 2011 WL 1831780, at *8. Plaintiff fails as a matter of law to establish the *prima facie* elements of a retaliation claim, and therefore her claim is not actionable.

IT IS THEREFORE ORDERED that Defendants' Partial Motion to Dismiss Plaintiff's Amended Complaint is hereby GRANTED.

Signed: June 17, 2013

Graham C. Mullen
United States District Judge